IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PAMELA BURNS, AS THE SURVIVING PARENT
OF PAULA SMITH, DECEASED, AND ALSO AS
REPRESENTATIVE OF THE HEIRS, MINOR
CHILDREN AND ESTATE OF PAULA SMITH,
DECEASED, AND/OR FOR THE USE AND
BENEFIT OF THE HEIRS, MINOR CHILDREN
OF PAULA SMITH, DECEASED; AND DELONDRE
HARRIS, INDIVIDUALLY, AND AS SURVIVING
FATHER/REPRESENTATIVE OF MINOR CHILD
OF PAULA SMITH, DECEASED,

                Plaintiffs,                Civil Action File No.
                                                              2:19-cv-02071

v.

TAURUS INTERNATIONAL MANUFACTURING,
INC., AND TAURUS HOLDINGS, INC.,

                Defendants.

---

**DEFENDANT TAURUS INTERNATIONAL MANUFACTURING, INC.'S
FIRST AMENDED ANSWER AND DEFENSES**

---

DEFENDANT Taurus International Manufacturing, Inc. ("TIMI"), in accordance with Fed. R. Civ. P. 15, hereby submits this First Amended Answer and Defenses to the "Amended Complaint" filed in this Court by Plaintiffs Pamela Burns, as the surviving parent of Paula Smith, the representative of the heirs, minor children, and Estate of Paula Smith, and/or for the use and benefit of the heirs and minor children of Paula Smith, and Delondre Harris, individually, and as surviving father/representative of Paula Smith's minor child (collectively, "Plaintiffs").

By the "Amended Complaint," TIMI refers to the document filed by Plaintiffs on February 14, 2019, titled "Complaint," yet titled on the Electronic Court Docket for this case as "Amended

1

Complaint." [D.E. 12]. After Plaintiffs filed their original Complaint, the Court notified Plaintiffs that, under Fed. R. Civ. P. 5, the original Complaint would be sealed for containing the names of minor children. [D.E. 10.] The Court also directed Plaintiffs to "submit a redacted complaint." *Id.* Plaintiffs thereafter filed the "Amended Complaint," with the only substantive change being the redaction of the minor children' names. TIMI's original Answer, filed February 25, 2019, was intended to respond to Plaintiffs' "Amended Complaint," but links instead on the Court's Electronic Case Filing system to Plaintiffs' first Complaint, Docket Entry No. 1.[1]

In an abundance of caution, TIMI has amended its Answer to make explicit that TIMI's responsive pleading responds to Plaintiffs' "Amended Complaint," filed on February 14, 2019, and bearing Docket Entry No. 12. Now, therefore, Defendant Taurus International Manufacturing, Inc. hereby submits this Amended Answer, showing the Court the following:

## **DEFENSES**

### FIRST DEFENSE

The Complaint fails to state a cause of action and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

All or part of Plaintiffs' claims are barred by the applicable statutes of limitations and/or repose. Specifically, Plaintiffs' claims are barred by T.C.A. § 29-28-103(a) because the subject

---

[1] On the Court's Electronic Case Docket, the full title of Plaintiffs' "Amended Complaint" is "AMENDED COMPLAINT against Pamela Burns, Delondre Harris, filed by Pamela Burns, Delondre Harris." The fact that the "Amended Complaint" refers to a Complaint against the Plaintiffs probably explains why the Electronic Case Docket would only permit a responsive pleading to be linked to the original Complaint [D.E. 1], which has the title of "COMPLAINT against All Defendants . . . filed by All Plaintiffs."

pistol was first purchased for use or consumption more than ten years before the Complaint was filed.

### THIRD DEFENSE

All or part of Plaintiffs' claims are barred by T.C.A. § 29-28-106 because TIMI is not the "manufacturer" of the subject pistol, as that term is defined in T.C.A. § 29-28-102(4).

### FOURTH DEFENSE

All or part of Plaintiffs' claims fail because TIMI did not design or manufacture the subject pistol.

### FIFTH DEFENSE

TIMI denies the subject pistol was defective, not reasonably safe, or was unreasonably dangerous when it entered the stream of commerce.

### SIXTH DEFENSE

TIMI denies the subject pistol was defective or not reasonably safe, in its manufacture, in its design, or by reason of its warnings.

### SEVENTH DEFENSE

The design of the subject model pistol, as well as its warnings and instructions, were in conformity with the generally recognized state of scientific and technological knowledge (i.e. State of the Art) at the time such designs, warnings, and instructions were issued.

### EIGHTH DEFENSE

The subject pistol fully complied with all applicable government laws, regulations, and specifications and all applicable industrial standards at the time it left TIMI's hands.

### NINTH DEFENSE

Plaintiffs' recovery is barred by the doctrines of contributory negligence and comparative negligence.

### TENTH DEFENSE

Plaintiffs' or others' fault equals or exceeds any fault of TIMI.

### ELEVENTH DEFENSE

Any and all damages alleged by Plaintiffs were not proximately caused by any acts or omissions of TIMI. The damages alleged by Plaintiffs were directly or proximately caused and contributed to by Plaintiffs or by actions of persons other than TIMI, over whom TIMI has no control or authority.

### TWELFTH DEFENSE

If the incident occurred as it is described in the Complaint, which TIMI denies, the Complaint is barred in whole or in part by Plaintiffs', the decedent's, or a third party's misuse of the subject pistol.

### THIRTEENTH DEFENSE

To the extent that Plaintiffs or others failed to exercise reasonable care under the circumstances in the alleged use, handling, storage, or maintenance of the subject pistol, then such failure was the proximate and factual cause of any occurrence that caused Plaintiffs' alleged damages and act as a bar, in whole or in part, to any claim for damages against TIMI.

### FOURTEENTH DEFENSE

If the incident occurred as it is described in the Complaint, which TIMI denies, Plaintiffs', the decedent's, or a third party's alteration, misuse, abuse, improper storage, or other actions or

omissions related to the subject pistol were the factual and proximate cause of any injury suffered by Plaintiffs and/or the decedent and TIMI is not responsible.

## FIFTEENTH DEFENSE

To the extent Plaintiffs or others modified the subject pistol, Plaintiffs' claims are barred in whole or in part by Plaintiffs' or others' modifications.

## SIXTEENTH DEFENSE

The instructions and warnings provided with the subject pistol were adequate in their content and informed ordinary users, including the Plaintiffs or others, of the proper way to use the subject pistol. Notwithstanding these instructions and warnings, the subject pistol, upon information and belief, was used in a manner for which it was not intended, tested, or designed to be used and contrary to express and adequate instructions and warnings, and this misuse or failure to heed warnings and follow instructions was a proximate cause of the injuries alleged in the Complaint.

## SEVENTEENTH DEFENSE

If the incident occurred as it is described in the Complaint, which TIMI denies, Plaintiffs or others failed to heed the warnings which accompanied the subject pistol when it left the manufacturer's hands and/or entered the stream of commerce.

## EIGHTEENTH DEFENSE

If the incident occurred as it is described in the Complaint, which TIMI denies, Plaintiffs' or others' failure to heed the warnings which accompanied the subject pistol when it left the manufacturer's hands and/or entered the stream of commerce is the proximate and factual cause of any injury suffered by Plaintiffs.

### NINETEENTH DEFENSE

If the damages alleged in the Complaint were caused by the use of any Taurus pistol, which TIMI specifically denies, adequate warnings and instructions were devised to communicate with the person or persons best able to take precautions against the potential harm, if any.

### TWENTIETH DEFENSE

TIMI was discharged of any duty to warn by providing warnings to anticipated users of the subject pistol that were adequate in light of those users' knowledge of the product.

### TWENTY-FIRST DEFENSE

To the extent TIMI properly disclaimed implied warranties and express warranties, TIMI pleads such disclaimers in defense to Plaintiffs' claims in this action.

### TWENTY-SECOND DEFENSE

Any liability of TIMI, which TIMI denies, is cut off by the operation of an intervening and/or supervening cause or causes.

### TWENTY-THIRD DEFENSE

TIMI specifically incorporates herein by reference all statutory defenses, including defenses arising under the U.C.C. and the Tennessee Products Liability Act of 1978.

### TWENTY-FOURTH DEFENSE

If the incident occurred as it is described, which TIMI denies, the injury resulted from a malfunction, not a defect or because the subject pistol was not reasonably safe.

### TWENTY-FIFTH DEFENSE

If the subject pistol malfunctioned, which TIMI denies, the malfunction did not occur during normal use.

## TWENTY-SIXTH DEFENSE

TIMI denies the subject pistol discharged with the manual safety engaged.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by doctrine of assumption of the risk.

## TWENTY-EIGHTH DEFENSE

Each and every Defendant is a separate corporation with different ownership and management.

## TWENTY-NINTH DEFENSE

The Defendants are not a "joint venture."

## THIRTIETH DEFENSE

TIMI is not an alter ego or agent of any other Defendant.

## THIRTY-FIRST DEFENSE

TIMI is not controlled by any other Defendant.

## THIRTY-SECOND DEFENSE

TIMI denies it sold the subject pistol to any party in the instant case.

## THIRTY-THIRD DEFENSE

TIMI denies the subject pistol's benefit/utility was outweighed by any risk of use.

## THIRTY-FOURTH DEFENSE

TIMI denies that the risks attendant with the reasonable, foreseeable, and expected use of the subject pistol exceed the expectations of a reasonable buyer.

## THIRTY-FIFTH DEFENSE

The subject pistol performed as safely for Plaintiffs or others as an ordinary consumer would expect when used in a reasonably foreseeable manner.

### THIRTY-SIXTH DEFENSE

At all times material to this case, Plaintiffs' or others' knowledge of the condition of the subject pistol was superior to that of TIMI.

### THIRTY-SEVENTH DEFENSE

The imposition of punitive damages on this Defendant, and on these facts, is unconstitutional and violative of public policy.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claim for punitive damages against Defendant is barred to the extent the actions sought to be punished by the imposition of punitive damages occurred beyond the applicable statute of limitations.

### THIRTY-NINTH DEFENSE

Plaintiffs' action should be barred or limited to the extent any evidence has been altered, spoiled, damaged, destroyed, or lost, which has thereby damaged or limited the ability of TIMI to defend this case.

### FORTIETH DEFENSE

TIMI reserves the right to amend the Answer to the Complaint, including, but not limited to, the ability to assert additional affirmative defenses and/or add potentially responsible parties.

### FORTY-FIRST DEFENSE

As and for the Fortieth Defense to the allegations and purported causes of action stated in the Complaint, TIMI responds to the averments made in the separately numbered paragraphs of the Complaint as follows:

### I. PARTIES

1. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 1, and therefore, those allegations stand denied.

2. The allegations in Paragraph 2 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 2.

3. The allegations in Paragraph 3 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 3.

4. Denied.

5. Denied.

6. Admitted.

7. Admitted.

## II. JURISDICTION AND VENUE

8. The allegations in Paragraph 8 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 8.

9. The allegations in Paragraph 9 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 9.

10. Denied.

11. Denied.

## III. INTRODUCTION

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

### IV. STATEMENT OF THE FACTS

19. Denied.

20. Denied.

21. Denied.

22. TIMI admits only that Paragraph 22, standing alone, appears to refer to literature associated with Taurus-brand pistols, but does not appear to accurately or completely represent the language. TIMI denies any attempt by Plaintiff to re-characterize or infer additional meaning from such language. All other allegations in Paragraph 22 are denied.

23. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 23, and therefore, those allegations stand denied.

24. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 24, and therefore, those allegations stand denied.

25. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 25, and therefore, those allegations stand denied.

26. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 26, and therefore, those allegations stand denied.

27. Denied.

28. Denied.

29. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 29, and therefore, those allegations stand denied.

30. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 30, and therefore, those allegations stand denied.

31. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 31, and therefore, those allegations stand denied.

32. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 32, and therefore, those allegations stand denied.

33. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 33, and therefore, those allegations stand denied.

34. Denied.

35. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 35, and therefore, those allegations stand denied.

36. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 36, and therefore, those allegations stand denied.

37. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 37, and therefore, those allegations stand denied.

38. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 38, and therefore, those allegations stand denied.

39. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 39, and therefore, those allegations stand denied.

40. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 40, and therefore, those allegations stand denied.

## V. CAUSES OF ACTION

### A. COUNT 1.

### STRICT LIABILITY – DESIGN DEFECT ALL DEFENDANTS

41. TIMI incorporates by reference its denials and defenses. To the extent a response is required, this paragraph is denied.

42. Denied.

43. The allegations in Paragraph 43 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 43.

44. The allegations in Paragraph 44 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 44.

45. The allegations in Paragraph 45 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 45.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 50, and therefore, those allegations stand denied.

51. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 51, and therefore, those allegations stand denied.

52. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 52, and therefore, those allegations stand denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### B. COUNT 2.

### STRICT LIABILITY – MANUFACTURING DEFECT ALL DEFENDANTS

59. TIMI incorporates by reference its denials and defenses. To the extent a response is required, this paragraph is denied.

60. Denied.

61. The allegations in Paragraph 61 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 61.

62. The allegations in Paragraph 62 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 62.

63. The allegations in Paragraph 63 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 63.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. TIMI is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 68, and therefore, those allegations stand denied.

69. TIMI is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 69, and therefore, those allegations stand denied.

70. TIMI is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 70, and therefore, those allegations stand denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

### C. COUNT 3.

### NEGLIGENCE OF ALL DEFENDANTS

76. TIMI incorporates by reference its denials and defenses. To the extent a response is required, this paragraph is denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

### D. COUNT 4.

### NEGLIGENT FAILURE TO WARN – ALL DEFENDANTS

83. TIMI incorporates by reference its denials and defenses. To the extent a response is required, this paragraph is denied.

84. The allegations in Paragraph 84 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 84.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

### E. COUNT 5.

### STRICT LIABILITY FAILURE TO WARN – ALL DEFENDANTS

104. TIMI incorporates by reference its denials and defenses. To the extent a response is required, this paragraph is denied.

105. The allegations in Paragraph 105 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 105.

106. The allegations in Paragraph 106 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 106.

107. Denied.

108. Denied.

109. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 109, and therefore, those allegations stand denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

**F.     COUNT 6.**

**VICARIOUS LIABILITY**

125. TIMI incorporates by reference its denials and defenses. To the extent a response is required, this paragraph is denied.

126. Denied.

127. Denied.

**G.     COUNT 7.**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – HARRIS**

128. TIMI incorporates by reference its denials and defenses. To the extent a response is required, this paragraph is denied.

129. The allegations in Paragraph 129 purport to state a legal conclusion, and therefore, do not require either an admission or denial. To the extent a response is required, TIMI denies Paragraph 129.

130. Denied.

131. Denied.

132. TIMI is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 132, and therefore, those allegations stand denied.

133. TIMI is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 133, and therefore, those allegations stand denied.

134. TIMI is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 134, and therefore, those allegations stand denied.

135. TIMI is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 135, and therefore, those allegations stand denied.

136. Denied.

## H.     COUNT 8.

### GROSS NEGLIGENCE AND RECKLESS CONDUCT

137. TIMI incorporates by reference its denials and defenses. To the extent a response is required, this paragraph is denied.

138. Denied.

139. Denied.

## I.     COUNT 9.

## COMBINED AND CONCURRING CONDUCT

140. Denied.

### J. COUNT 10.

## ESTOPPEL AND TOLLING OF STATUTE OF LIMITATIONS

141. Denied.

142. Denied.

### VI. PRAYER

## GENERAL DENIAL

Taurus International Manufacturing, Inc. denies each and every averment, allegation, matter, or thing, including but not limited to the *ad damnum* clause, in the Complaint not expressly admitted in this Answer and further denies Plaintiffs are entitled to any relief whatsoever as against Taurus International Manufacturing, Inc.

## PRAYER FOR RELIEF

WHEREFORE, for its Answer and Defenses to the Complaint, Defendant Taurus International Manufacturing, Inc. prays that the Complaint filed by Plaintiffs Pamela Burns, as the surviving parent of Paula Smith, the representative of the heirs, minor children, and Estate of Paula Smith, and/or for the use and benefit of the heirs and minor children of Paula Smith, and Delondre Harris, individually, and as surviving father/representative of Paula Smith's minor child, and its purported cause of action and prayers be dismissed with prejudice, that the Court enter judgment in favor of Taurus International Manufacturing, Inc. and against Plaintiff, and that the Court award Taurus International Manufacturing, Inc. such other relief as the Court may deem just and proper.

This 15th day of March, 2019.   Respectfully submitted:

 s/ Patrick G. Walker
Richard D. Underwood   BPR No. 14515
Patrick G. Walker   BPR No. 26931
Henry B. Talbot   BPR No. 32396
FARRIS BOBANGO BRANAN PLC
999 South Shady Grove Rd., Suite 500
Memphis, Tennessee 38120
Telephone: 901-259-7100
Facsimile: 901-259-7150
runderwood@farris-law.com
pwalker@farris-law.com
htalbot@farris-law.com

*and*

John F. Weeks IV (*pro hac vice sought*)
Georgia Bar No. 335528
Benjamin E. Reed (*pro hac vice sought*)
Georgia Bar No. 719210
SMITH, GAMBRELL & RUSSELL, LLP
Promenade, Suite 3100
1230 Peachtree St. NE
Atlanta, Georgia 30309
Telephone: 404-815-3500
Facsimile: 404-815-3509
Email: jweeks@sgrlaw.com
Email: breed@sgrlaw.com

*Attorneys for Defendants Taurus
International Manufacturing, Inc. and
Taurus Holdings, Inc.*

CERTIFICATE OF SERVICE

The undersigned certifies that on March 15, 2019, a copy of the foregoing Defendant Taurus International Manufacturing, Inc.'s Answers and Defenses was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties (if any) will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

 s/ Patrick G. Walker