IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PAMELA BURNS, AS THE SURVIVING
PARENT OF PAULA SMITH, DECEASED,
AND ALSO AS REPRESENTATIVE OF
THE HEIRS, MINOR CHILDREN,
AND ESTATE OF PAULA SMITH,
DECEASED, AND/OR FOR THE USE
AND BENEFIT OF THE HEIRS, MINOR
CHILDREN OF PAULA SMITH,
DECEASED; AND DELONDRE
HARRIS, INDIVIDUALLY, AS
SURVIVING FATHER/REPRESENTATIVE
OF MINOR CHILD OF PAULA SMITH, DECEASED,

    Plaintiffs,

v.

Civil Action File No.
2:19-cv-02071

TAURUS INTERNATIONAL MANUFACTURING,
INC., and TAURUS HOLDINGS, INC.,

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

**COMES NOW,** Plaintiffs, Pamela Burns, as the surviving parent of Paula Smith, deceased, and also as representative of the heirs, minor children of Paula Smith, deceased, and/or for the use and benefit of the heirs, minor children of Paula Smith, deceased; and Delondre Harris, individually and, as the surviving parent and representative of the heir, minor child of Paula Smith, deceased, and submits this

memorandum of law in support of their motion to voluntarily dismiss this cause of action, without prejudice, as follows:

## Statement of the Law

Voluntary dismissals are governed by Federal Rules of Civil Procedure 41(a), the relevant portion of which follows:

> Rule 41. Dismissal of Actions
> a. Voluntary Dismissal: Effects Thereof
>    1. By Plaintiff; by Stipulation. An action may be dismissed by the Plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of any answer or of a motion for summary judgement, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice...
>    2. By order of the court. Except as provided in paragraph (1)... an action shall not be dismissed at the Plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Whether to grant a dismissal under Rule 41(a)(2) is a matter left to the district court's discretion. *Garner v. Missouri-Pacific Lines*, 409 Fed.7, 7 (6th Cir 1969). "A district court should [ordinarily] grant a motion for voluntary dismissal unless a Defendant can show that it will suffer some plain legal prejudice as a result". *Waller v. Financial Corp. of America*, 828 F2d 579, 583 (9th Cir. 1987). Legal prejudice does not result simply because the Defendant faces the prospect of defending a second lawsuit. *Grover by Grover v. Eli Lilly & Co.*, 33 F3d 716, 718 (6th Cir. 1994), nor does it result simply because the Plaintiff may gain some tactical advantage in a future lawsuit; *Davis v. USA Corp.*, 819 F2d 1270, 1275 (4th Cir. 1987).

In the *Grover* decision, the Sixth Circuit identified four factors which a court should consider in determining whether to grant a voluntary dismissal: (1) the amount of time and effort the Defendant has incurred in preparing for trial; (2) any lack of diligence on the part of the Plaintiff in prosecuting the action; (3) the Plaintiff's failure to explain the need for a dismissal; and (4) whether the Defendant has filed a motion for summary judgement *Grover,* 33F3d at 718.

In applying the four (4) factors set forth in the *Grover* decision to the facts and circumstances of this case, the court should grant Plaintiffs' request to dismiss this action, without prejudice, to allow Plaintiffs to refile it in the state of Florida. Specifically,

1. The case was filed in this court of January 25, 2019. Albeit, the Defendants have answered the complaint, no formal discovery has been taken, nor has a scheduling order been put in place. The court has set a deadline for Defendants to file a dispositive motion on their argument regarding the application of Tennessee's statute of repose. Defendants cannot reasonably argue that they have devoted significant time and effort in preparing this case for trial.

2. To date, Plaintiffs have diligently prosecuted the case and, upon receipt of the T.B.I. investigative report, promptly turned it over to Defendants. As stated, there is no scheduling order in place and no formal discovery has been implemented. Thus, the lack of diligence of the Plaintiffs cannot be reasonably raised.

3. Plaintiffs wish to refile in the state of Florida, where there is numerous pending personal injury lawsuits, the majority of which were filed by out-of-

state residents. In particular, the following personal injury cases have been filed against Taurus Defendants in the Florida Circuit Court in Miami, Dade County, Florida regarding personal injury claims resulting from Defendants' defective handguns, to wit:

a. *William Shores vs. Forjas Taurus, S.A. et al.* Case No. 19-008390-CA-01;

b. *Eric Callaway, et al. vs. Taurus International Manufacturing, Inc., et al.* Case No. 28-018917-CA-01;

c. *Rodolfo Espinoza v. Taurus International Manufacturing, Inc., et al.* Case No. 17-026608-CA-01;

d. *Richard J. Alvarez v. Forjas Taurus, et al.* Case No. 17-013020-CA-01;

e. *Thomas Mitchell Brown, et al. v. Forjas Taurus, S.A. et al.* Case No. 17-011207-CA-01;

f. *Zachary Michael Dajda v. Taurus International Manufacturing, Inc., et al.* Case No. 17-010658-CA-01;

g. *Karen Michael, et al. v. Taurus International Manufacturing, Inc., et al.* Case No. 17-010668-CA-01;

h. *Sheryl L. Sims v. Taurus International Manufacturing, Inc., et al.* Case No. 17-010155-CA-01;

i. *George Poland, et al. v. Taurus International Manufacturing, Inc., et al.* Case No. 17-0099399-CA-01;

j. *Nicholas Adams v. Taurus International Manufacturing, Inc., et al.* Case No. 16-022238-CA-01;

k. *Nelson Martinez, Sr., et al. v. Taurus International Manufacturing, Inc., et al.* Case No. 16-010776-CA-01;

l. *Donald Dewayne Simms, Sr. v. Forjas Taurus SA et al.* Case No. 15-025352-CA-01;

m. *Jason Friend v. Forjas Taurus, S.A. et al.* Case No. 15-025352-CA-01; and

n. *Michael E. Netz v. Taurus International Manufacturing, Inc.* Case No. 13-014439-CA-01.

Only one (1) Plaintiff in the aforementioned cases resides in Florida (*Nelson Martinez, Sr., et al. v. Taurus International Manufacturing, Inc., et al.* Case No. 16-010776-CA-01). The remaining Plaintiffs all reside in states other than Florida and their injuries took place in states other than Florida.

The economic damage, nationwide class action law suit arose and was resolved in United States District Court for the Southern District of Florida (Chris P. Carter v. Forjas Taurus, S.A., Taurus International Manufacturing, Inc., and Taurus Holding, Inc. FLSD # 1:13-CV-24583-PAS). Said lawsuit involved hundreds of thousands of weapons, distributed throughout the United States by defendants TIMI., and/or Taurus Holdings, Inc. including the make and model of the subject pistol in the present case, a Taurus PT 145 Millennium Pro pistol. The original named Plaintiff in the aforementioned class action law suit was a citizen of Iowa.

4. Defendant has not yet filed a motion for summary judgment. Defendants cannot reasonably argue that they will be unfairly prejudiced by allowing a voluntary dismissal, without prejudice, in order to allow Plaintiffs to refile in the state of Florida, where their sole principal place of business exists and

where the majority of these defective handgun lawsuits are filed. It is more likely than not that refiling the case in Florida will, in actuality, save Defendants litigation costs in the long run.

## Conclusion

Based upon the forgoing, Plaintiffs request that this court enter an order voluntarily dismissing their cause of action, without prejudice.

Respectfully submitted,

**MORTON & GERMANY, PLLC**

BY: /s/ Craig V. Morton
Craig V. Morton (TN# 14969)
45 North B.B. King Blvd, Suite 201
Memphis, Tennessee 38103

Phone: (901) 522-0050
Fax: (901) 522-0053
craig@mortongermany.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was furnished to the Defense Attorneys listed below via ECF filing, on June 20, 2019.

s/ Craig V. Morton<br>CRAIG V. MORTON

Richard D. Underwood BPR No. 14515
Patrick G. Walker BPR No. 26931
Henry B. Talbot BPR No. 32396
FARRIS BOBANGO BRANAN PLC
999 South Shady Grove Rd., Suite 500
Memphis, Tennessee 38120
Telephone: 901-259-7100
Facsimile: 901-259-7150
runderwood@farris-law.com
pwalker@farris-law.com
htalbot@farris-law.com

*and*

John F. Weeks IV (*pro hac vice*)
Georgia Bar No. 335528
Benjamin E. Reed (*pro hac vice*)
Georgia Bar No. 719210
SMITH, GAMBRELL & RUSSELL, LLP
Promenade, Suite 3100
1230 Peachtree St. NE
Atlanta, Georgis 30309
Telephone: 404-815-3500
Facsimile: 404-815-3509
jweeks@sgrlaw.com
breed@sgrlaw.com

*Attorneys for Defendants*