**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

PAMELA BURNS, AS THE SURVIVING PARENT
OF PAULA SMITH, DECEASED, AND ALSO AS
REPRESENTATIVE OF THE HEIRS, MINOR
CHILDREN AND ESTATE OF PAULA SMITH,
DECEASED, AND/OR FOR THE USE AND
BENEFIT OF THE HEIRS, MINOR CHILDREN
OF PAULA SMITH, DECEASED; AND DELONDRE
HARRIS, INDIVIDUALLY, AND AS SURVIVING
FATHER/REPRESENTATIVE OF MINOR CHILD
OF PAULA SMITH, DECEASED,

    Plaintiffs,

v.

TAURUS INTERNATIONAL MANUFACTURING,
INC., AND TAURUS HOLDINGS, INC.,

    Defendants.

Civil Action File No.
2:19-cv-02071

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    DEFENDANTS Taurus International Manufacturing, Inc. ("TIMI") and Taurus Holdings, Inc. ("Holdings") are entitled to summary judgment because Plaintiffs' claims are barred by Tennessee's statute of repose.

### I. INTRODUCTION

    This products-liability action involves a .45 caliber handgun. The subject pistol was first sold to a consumer—Plaintiff Delondre Harris's father—more than ten years before this lawsuit was filed. All of Plaintiffs' claims are therefore barred as a matter of law by Tennessee's ten-year statute of repose for products liability actions.

The application of Tennessee's statute of repose in this case is straightforward. The record evidence before the Court shows that the subject pistol was first purchased on Christmas Eve in 2008—more than ten years before Plaintiffs filed their lawsuit.

Moreover, Plaintiffs have admitted this conclusion. Before obtaining the evidence which confirmed the first date of sale, Plaintiffs stated in a filing with this Court that "[i]f the weapon in question was purchased outside the ten year time period, Plaintiffs will be unable to proceed further with their cause of action." (ECF # 28 at ¶ 2.) The U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives's *own records* now establish the purchase date as beyond the repose period and Tennessee law therefore dictates entry of summary judgment in Defendants' favor.

## II.   FACTS AND PROCEDURAL POSTURE

Plaintiffs Pamela Burns and Delondre Harris filed this wrongful death lawsuit on January 25, 2019, asserting products liability claims on behalf of Paula Smith's (the "Decedent") minor children.[1] All of the claims asserted in the Complaint arise from Decedent's death on January 27, 2018, and the allegedly unintentional discharge of Plaintiff Harris's Taurus PT 145 Millennium Pro pistol bearing serial number NAU98280 (the "Subject Pistol"). (*See generally* Compl.)

Defendants Answered the Complaint, asserting as a Second Defense that:

> All or part of Plaintiffs' claims are barred by the applicable statutes of limitations and/or repose. Specifically, **Plaintiffs' claims are barred by T.C.A. § 29-28-103(a) because the subject pistol was first purchased for use or consumption more than ten years before the Complaint was filed.**

(ECF # 13 at 2; ECF # 14 at 2; ECF # 19 at 2; and ECF # 20 at 2.) (emphasis added).

---

[1] Plaintiff Burns, the Decedent's mother, sued on behalf of all three of the Decedent's minor children. (*See generally* Compl.) Plaintiff Harris, the Decedent's boyfriend and owner of the Subject Pistol, sued on behalf of the minor child he fathered with Decedent, and also individually asserted a claim for negligent infliction of emotional distress. (*See* Compl. ¶¶ 2, 128-136.)

From the outset, Defendants recognized that, depending on the date the Subject Pistol was first purchased, Tennessee's statute of repose could bar Plaintiffs' lawsuit. Defendants' records showed that TIMI bought the Subject Pistol on October 4, 2007, and sold the Subject Pistol to Sports South, a firearms distributor located in Shreveport, Louisiana, on May 30, 2008. (Declaration of Massiel Loo (hereinafter, "Loo Decl.") ¶ 12 & Ex. B); (Declaration of Yenienly Perez-Puelles (hereinafter, "Perez-Puelles Decl.") ¶ 6 & Ex. A.) Defendants also determined that Sports South sold the Subject Pistol to a firearms retailer in Memphis, Tennessee, called Guns & Ammo, on July 21, 2008. (Loo Decl. ¶¶ 14-15 & Ex. C.) Finally, Plaintiffs themselves admitted in their Complaint that a man named Michael Alexander purchased the Subject Pistol from a retailer in Shelby County, Tennessee, before selling it to his son, Delondre Harris on December 31, 2017. (Compl. ¶ 23.) But the parties did not know the key fact for purposes of the statute of repose—when exactly the Subject Pistol was sold from Guns & Ammo to Plaintiff Harris's father.

That is, until the parties obtained the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") National Tracing Center Firearms Trace Summary ("ATF Firearms Trace Summary") for the Subject Pistol. (*See* Declaration of Special Agent Ronnie Faulkner (hereinafter, "Faulkner Decl.") ¶ 16 & Ex. C.) The ATF Firearms Trace Summary definitively shows that Michael Anthony Alexander purchased the Subject Pistol on December 24, 2008. (*Id.*)[2] Plaintiffs

---

[2] This Court may consider the ATF Trace Summary and the information contained therein on Summary Judgment, because the foundation for its authenticity is set out in the Declaration of TBI Special Agent Ronnie Faulkner. (S*ee* Faulkner Decl.) The document itself and the information contained therein is admissible as evidence under the public records, business records, and residual hearsay exceptions. Fed. R. Evid. 803(6), (8) & 807; *see also U.S. v. Banks*, 514 F.3d 769 (8th Cir. 2008); *U.S. v. Walder*, 234 F.3d 29 (5th Cir. 2000); *U.S. v. Simmons*, 773 F.2d 1455 (4th Cir. 1985); *U.S. v. McLean*, 695 Fed. Appx. 681 (4th Cir. 2017); *Ruffin v. State*, 131 A.3d 295 (Del. 2015); *State v. Adams*, 380 Wis.2d 282 (Wis. Ct. App. 2018).

3

filed their Complaint on January 25, 2019—exactly ten years and 32 days after Mr. Alexander first purchased the Subject Pistol.

The ATF is authorized under the Gun Control Act of 1968—18 §§ U.S.C. 921, *et seq.*—to promulgate regulations to ensure that federal firearms licensees properly create and maintain records regarding firearms. The ATF's National Tracing Center is in turn the only organization authorized to trace the acquisition and disposition of U.S. and foreign manufactured firearms. (*See* Faulkner Decl. ¶ 7.) Law enforcement agencies like the Tennessee Bureau of Investigation ("TBI") submit trace requests to the National Tracing Center on ATF Form 3312.1 with information about the subject firearm, such as the firearm's serial number. (*Id.* ¶ 5.) The results of a trace request come from the ATF in the form of a completed Firearms Trace Summary. (*Id.* ¶¶ 5 & 14.)

TBI Special Agent Ronnie Faulkner assisted in the investigation of Decedent's death. (*Id.* ¶ 4.) As part of that investigation, Agent Faulkner completed a National Tracing Center Trace Request on an ATF Form 3312.1 and submitted it to the ATF's National Firearms Tracing Center seeking the Subject Pistol's ownership history. (*Id.* ¶ 5.) The resulting Firearms Trace Summary for the Subject Pistol shows that the Subject Pistol was purchased by Mr. Alexander from Guns & Ammo on December 24, 2008. (*Id.* Ex. C.)

The ATF Firearms Trace Summary and Agent Faulkner's testimony is uncontroverted evidence establishing the exact date on which the Subject Pistol was first sold to a Tennessee consumer. That date is more than ten years before Plaintiffs filed their lawsuit. Summary judgment, therefore, is proper in Defendants' favor because Plaintiffs' claims are *extinguished* by Tennessee's ten-year statute of repose.

### III.     STANDARD OF REVIEW

The summary judgment standard is well known.  Rule 56 requires a court to grant a motion for summary judgment if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  On summary judgment, "the court must review all the evidence and draw all reasonable inferences in favor of the non-movant."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

But, "[w]hen the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some 'specific facts showing that there is a genuine issue for trial.'"  *Crayton v. Pharmedium Services, LLC*, 213 F.Supp.3d 963, 967 (W.D. Tenn. 2016) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

In Tennessee, "[s]tatutes of repose are substantive and extinguish both the right and the remedy while statues of limitations are procedural, extinguishing only the remedy."  *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 743 (Tenn. Ct. App. 2001).  Accordingly, "[t]he statute of repose is a rule of substantive law that must be applied by a federal court sitting in diversity."  *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 886 (W.D. Tenn. 1999). "Where a statute of repose defense has been asserted and established by the defendant, the burden of proof shifts to the plaintiff to establish" an exception.  *Spence v. Miles Labs., Inc.*, 810 F. Supp. 952, 964 (E.D. Tenn. 1992), *aff'd*, 37 F.3d 1185 (6th Cir. 1994).  No such exception exists in this case.  The evidence establishes that Plaintiffs' claims are barred as a matter of black-letter law.

## IV.  ARGUMENT AND CITATION OF AUTHORITY

Stated simply, Tennessee's ten-year statute of repose bars Plaintiffs' lawsuit because Plaintiffs filed their Complaint more than ten years after the Subject Pistol was first purchased. The date of purchase is established by testimony from TBI Special Agent Ronnie Faulkner, the ATF Firearms Trace Summary, and Defendants' business records showing the acquisition and disposition history of the Subject Pistol. Plaintiff cannot produce evidence to create a genuine issue of material fact because no contrary evidence exists. Plaintiffs cannot avoid Tennessee's statute of repose. Entering summary judgment in Defendants' favor is proper.

A. *Tennessee law establishes a ten-year repose period in products liability actions.*

Tennessee's Product Liability Act of 1978 ("TPLA") establishes a ten-year repose period for product liability actions:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, **in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption,** or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

T.C.A. § 29-28-103(a) (emphasis added).

This statute of repose imposes "an absolute time limitation upon the filing of product liability actions." *Greene*, 72 F. Supp. 2d at 886. As explained by the Eastern District of Tennessee:

> Unlike with a statute of limitations where the time within which legal proceedings must be commenced begins with the accrual of the cause of action, a statute of repose begins running on the date of a triggering event. Oftentimes the triggering event occurs before, and is entirely unrelated to the accrual of a cause of action. A statute of repose, therefore, can bar a plaintiff's cause of action before it even

6

>accrues.  **Accordingly, the Supreme Court of Tennessee has explained that statutes of repose "are substantive and extinguish both the right and the remedy, while statutes of limitation are merely procedural, extinguishing only the remedy."**

*Grant v. Kia Motors Corp.*, 185 F. Supp. 3d 1033, 1042 (E.D. Tenn. 2016) (quoting *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995)) (emphasis added).  "Tennessee courts have consistently read all statutes of repose literally, and have declined to read equitable exceptions into them." *Greene*, 72 F. Supp. 2d at 888.  The purpose of the repose statute is to provide manufacturers "with some certainty about potential tort liability by blocking liability after ten years from the sale or bailment of a product."  *Winningham v. Ciba-Geigy Corp.*, 156 F.3d 1234, 1998 WL 432472, at *3 (6th Cir. July 14, 1998) (citing Tennessee Products Liability Act, Preamble, Ch. 703, 1978 Tenn. Pub. Acts 468, 469).  Such certainty is called for in this case.

Tennessee courts frequently apply the TPLA's statute of repose to bar claims on summary judgment.  *See, e.g.*, *Penley v. Honda Motor Co., Ltd.*, 31 S.W.3d 181, 189 (Tenn. 2000) (affirming grant of summary judgment and dismissal of plaintiff's products liability lawsuit based on an all-terrain vehicle as barred by TPLA statute of repose where lawsuit was filed thirteen days too late); *Winningham*, 1998 WL 432472, at *6 (affirming grant of summary judgment based on Tennessee's ten-year statute of repose in bailor-bailee context); *Moore v. General Mot. Co.*, No. 2:15-cv-02816-STA-dkv, 2016 WL 1268312, at *2 (W.D. Tenn. March 31, 2016) (granting summary judgment on claim barred by TPLA statute of repose); *McMillan v. Janssen Pharmaceutica, Inc.*, No. 3:10-cv-194, 2011 WL 12088, at *3 (W.D. Tenn. Jan. 4, 2011) (granting summary judgment when action was brought more than one year after expiration of statute of repose); *Woods v. Remington Arms Co., Inc.*, No. 3:08-cv-363, 2010 WL 2010850, at *3 (E.D. Tenn. May 19, 2010) (granting summary judgment and dismissing plaintiff's products liability lawsuit based on a Remington Model 760 rifle as barred by TPLA statute of repose).

This case is no different. As the foregoing law is applied to the facts of this case described in the section immediately below, the result is the same—summary judgment in Defendants' favor is proper.

B. *Plaintiffs' product liability action is barred by Tennessee's statute of repose.*

The Subject Pistol was first purchased by a consumer for use on December 24, 2008. (Faulkner Decl. ¶ 16 & Ex. C.) Therefore, under T.C.A. § 29-28-103(a), the action must have been brought on or before December 24, 2018. Plaintiffs, however, filed their Complaint on January 25, 2019—exactly 32 days too late. Under the plain text of the TPLA's statute of repose, and in accordance with the case law applying the statute in analogous cases, Plaintiffs' products liability claims are extinguished.

All of Plaintiffs' claims arise from personal injury or death allegedly caused by or arising from the use of the Subject Pistol. So, all of Plaintiffs' claims are barred by the TPLA's statute of repose. The TPLA's statute of repose specifically applies to "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition. . . ." T.C.A. § 29-28-103(a). The statute's broad definition of "Product liability action" includes:

> All actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. "Product liability action" includes, but is not limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

T.C.A. § 29-28-102(6).

By its very language, the TPLA's statute of repose applies to—and bars—all of Plaintiffs' claims asserted in this lawsuit. *See Spence v. Miles Labs., Inc.*, 37 F.3d 1185, 1189 (6th Cir. 1994)

8

("Plaintiff's various claims of defective manufacture, failure to warn, and implied warranties of merchantability and fitness fall squarely within the confines of the Tennessee Products Liability Act. Thus, characterized as such, plaintiff's claims are subject to, and consequently barred by, the statute of repose which governs product liability actions.").

In this case, Plaintiffs cannot point to any evidence contradicting the material facts established by Defendants. That is because no such evidence exists. Plaintiffs cannot refute Defendants' Import/Export Coordinator's testimony that the Subject Pistol was acquired by TIMI on October 4, 2007 (Loo Decl. ¶ 12), nor the veracity of the importation documents supporting that fact (*Id.* at Ex. A.). Plaintiffs' likewise cannot refute Defendants' Import/Export Coordinator's testimony that the Subject Pistol was sold from TIMI to Sports South, in Louisiana, on May 30, 2008 (*Id.* at ¶ 12), nor the veracity of Defendants' records showing the date of such sale (*Id.* at Ex. B). Plaintiffs cannot contest the testimony of Defendants' Receiving & Shipping Manager that the Subject Pistol was shipped from TIMI to Sports South, nor the shipping records showing the date of shipment on May 30, 2008 (Perez-Puelles Decl. ¶ 6 & Ex. A). Similarly, Plaintiffs can point to no evidence contradicting Defendants' Import/Export Coordinator's testimony that Sports South sold the Subject Pistol to Guns & Ammo, on July 21, 2008. (Loo Decl. ¶¶ 14-15 & Ex. C.) Finally, and most importantly, Plaintiffs cannot contest the fact established by the ATF Firearms Trace Summary and Special Agent Faulkner's testimony: the Subject Pistol was purchased by Michael Anthony Alexander on December 24, 2008. (Faulkner Decl. ¶ 16 & Ex. C.)

The acquisition and disposition records kept by Guns & Ammo, Sports South, and TIMI regarding the Subject Pistol are valid and establish these facts on summary judgment. These are no run-of-the-mill documents. Federal firearms licensees have a *legal duty* to record the date of acquisition and disposition of every firearm in, and thereafter maintain, a Firearms Acquisition &

Disposition Record Book—known in the industry as an "A&D" or "A&D Book." 27 C.F.R. §§ 478.101, 121, & 122. *See* Loo Decl. ¶ 9. As many courts have recognized, for these kinds of records, there would be "simply no reason for the manufacturers of these weapons to falsify the entries on the routine ATF forms." *See Simmons*, 773 F.2d at 1459.

Moreover, Plaintiffs alleged (and therefore, admitted) in their Complaint that Plaintiff Harris acquired the Subject Pistol from his father—a fact confirmed by the ATF Firearms Trace Summary (Compl. ¶ 23.) Plaintiffs' allegation therefore offers further independent support that the information contained in the ATF Firearms Trace Summary is correct.

Defendants' Motion for Summary Judgment is therefore supported by record evidence with long-recognized indicia of reliability and Plaintiffs' admissions. Plaintiffs cannot produce evidence to contradict the date on which the Subject Pistol was sold to Mr. Alexander, because no such evidence exists. Plainly put: the Subject Pistol was first sold to Mr. Alexander on December 24, 2008—more than ten years before Plaintiffs filed their Complaint. Plaintiffs' lawsuit is therefore barred by Tennessee's ten-year statute of repose.

## V.    CONCLUSION

For all of the foregoing reasons, this Court should GRANT Defendants' Motion for Summary Judgment and DISMISS Plaintiffs' lawsuit in its entirety, with prejudice, because all of Plaintiffs' claims are barred by Tennessee's statute of repose.

Dated: June 28, 2019.

    Respectfully submitted,

    s/ Patrick G. Walker
| | |
|---|---|
| Richard D. Underwood | BPR No. 14515 |
| Patrick G. Walker | BPR No. 26931 |
| Henry B. Talbot | BPR No. 32396 |

    FARRIS BOBANGO BRANAN PLC
    999 South Shady Grove Rd., Suite 500

Memphis, Tennessee 38120
Telephone: 901-259-7100
Facsimile: 901-259-7150
runderwood@farris-law.com
pwalker@farris-law.com
htalbot@farris-law.com

*and*

John F. Weeks IV (*pro hac vice*)
Georgia Bar No. 335528
Benjamin E. Reed (*pro hac vice*)
Georgia Bar No. 719210
SMITH, GAMBRELL & RUSSELL, LLP
Promenade, Suite 3100
1230 Peachtree St. NE
Atlanta, Georgis 30309
Telephone: 404-815-3500
Facsimile: 404-815-3509
jweeks@sgrlaw.com
breed@sgrlaw.com

*Attorneys for Defendants Taurus International Manufacturing, Inc. and Taurus Holdings, Inc.*

CERTIFICATE OF SERVICE

The undersigned certifies that on June 28, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties (if any) will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ Patrick G. Walker